IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andreanna Ann Temple,<br><br>    Plaintiff,<br><br>vs.<br><br>The State of South Carolina,<br><br>    Defendant. | )  C/A No. 8:16-2694-MGL-JDA<br>)<br>)<br>)<br>)  **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, proceeding pro se, filed this action on July 6, 2016, in a United States District Court in Texas alleging that the State of South Carolina has violated her constitutional rights. [Doc. 3.] After this action was transferred to this district, this Court has entered two Proper Form Orders—on August 15, 2016, and on October 6, 2016. [Docs. 13, 17.] On October 31, 2016, Plaintiff submitted a change of address, and she filed a motion for extension of time to comply with the Court's Orders to bring this action into proper form. [Docs. 19, 20.] Within the motion for extension of time, Plaintiff alleged that she had gone through a move and has a disability, which is the reason she had not completed and returned the forms and needed additional time. [Doc. 20.]

By Order filed November 2, 2016, this Court granted Plaintiff's motion for extension of time to give her twenty-one (21) additional days to comply with its Orders. [Doc. 23.] However, Plaintiff did not receive the November 2, 2016, Order, as it was returned to the Court as undeliverable mail and stamped "return to sender . . . unable to forward." Plaintiff has not provided the Court with a new address at which she receives mail, and the record indicates no attempt by Plaintiff to contact the Court since her October 31, 2016, pleadings.

Also, it appears that Plaintiff received this Court's August 15, 2016, and October 6, 2016, Orders (along with the blank forms); however, to date she has not submitted the requested paperwork or information.  Thus, Plaintiff has failed to prosecute this case and has failed to comply with Orders by this Court.  Rule 41(b) permits dismissal of an action based on a plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962).

It is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure.  **Plaintiff's attention is directed to the important notice on the next page.**

S/Jacquelyn D. Austin
United States Magistrate Judge

November 30, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).